*Counsel for Plaintiff:*
Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
Counsel for Plaintiff
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
(305) 891-5199
lfuller@fullerfuller.com
and
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Drive SE
Ada, MI  49301
(616) 676-4300
foxlawfirm@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARK FULTZ, Individually,

       Plaintiff,

vs.                                                                 Case No.

MI FH CP - TIC#1, LLC, a Delaware
Limited Liability Company,  MI FH CP -
TIC#2, LLC,
a Delaware Limited Liability Company,
and
MI FH CP - TIC#3, LLC, a Delaware
Limited Liability Company,

       Defendants.
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, MARK FULTZ, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby

sues the Defendants, MI FH CP - TIC#1, LLC, a Delaware Limited Liability Company, MI FH CP - TIC#2, LLC, a Delaware Limited Liability Company, and MI FH CP - TIC#3, LLC, a Delaware Limited Liability Company, d/b/a The Crowne Plaza Hotel (sometimes referred to as "Defendants"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Mark Fultz, is an individual residing in Margate, FL, in the County of Broward.

2. Defendants' property, The Crowne Plaza Hotel, is located at 37529 Grand River Avenue, Farmington Hills, MI, in Oakland County.

3. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Mark Fultz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Fultz suffered a stroke which resulted in paralysis, rendering the right side of his body immobile.  He

ambulates by means of a manual wheelchair and occasionally is able to walk short distances with the aid of a cane.

6. Mr. Fultz was raised in Michigan and has relatives, including many cousins, his son, daughter, and grandchildren, in areas of suburban Detroit. His son lives and works in Ann Arbor. His daughter lives in a suburb located between Ann Arbor and Detroit.

7. Mark Fultz has visited the property which forms the basis of this lawsuit from September 29 through September 30, 2019, and has reservations to return to the property onJuly 20 through July 21, 2020, to attend a family reunion, and to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

8. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as The Crowne Plaza Hotel, is located at 37529 Grand River Avenue, Farmington Hills, MI.

9. Mark Fultz has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to

this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Mark Fultz desires to visit The Crowne Plaza Hotel, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Crowne Plaza Hotel has shown that violations exist. These violations, which were encountered or observed by Plaintiff, and which were verified by an ADA expert, include but are not limited to:

**Disabled parking**

    a.    This hotel does not have the required number of ADA compliant parking spaces, as called for at section 208 of the Standards. Based on 134 spaces, five ADA compliant parking spaces are required.

    b.    The existing four spaces do not comply with section 502 of the Standards, as they lack ADA signage compliant with section 502.6. There is no 5' access lane and there are no van accessible spaces.

These conditions made it difficult for the Plaintiff and other wheelchair users to park safely.

**Ramp(s)**

    c.    There is no clear landing area at the top of the existing ramp(s), in violation of sections 405 and 406 of the Standards.

**Passenger loading zone**

    d.    There is no marked loading or unloading zone under the front veranda, as called for at sections 209 and 503 of the Standards, making it difficult for Plaintiff to access the premises safely.

**Lobby restrooms**

    e.    The signs on the restroom doors are improperly mounted, in violations of section 216 and 703 of the Standards.

    f.    The door is hard to open and in violations of section 404 of the Standards.

    g.    The paper towel dispenser was improperly mounted in violation of section 308 of the Standards.

    h.    The entrance to the urinal stall is too narrow and in violation of section 213 and 605 of the Standards.

  i. The grab bars around the toilet are in violation of sections 603 and 609 of the Standards.

  j. The toilet paper dispenser is improperly mounted in violation of section 604.7 of the Standards.

  k. The clothes hook on the stall door is improperly mounted in violation of section 308 of the Standards.

 These conditions made it difficult for Plaintiff and other wheelchair users to safely use the restrooms without assistance.

**Telephones**

  l. The house phones on both the first and second floor are not reachable and in violation of section 308 of the Standards, preventing Plaintiff from using the house phones without assistance.

  m. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the Standards. This hotel has 134 rooms. Pursuant to section 224.2 the property is required to have a total of seven guest rooms with mobility feature, and it does not.

**Guest Rooms**

  n. The hotel is required to have a minimum of two rooms with roll-in showers. The hotel does not have any rooms with roll-in showers.

  o. Pursuant to section 224.4, this hotel lacks the required 12 guest rooms with communication features.

  p. The hotel does not comply with section 224.5 by offering disabled guests a choice of guest rooms based on number of beds in the room, or other amenities.

6

### Guest Room 221

q. Plaintiff was given room #221, a King size bed room.

r. The guest room door was hard to open, in violation of section 309.4 of the Standards.

s. There was no latch side clearance at the door on the outside of the room, in violation of section 404.2 of the Standards.

t. The room signs at the guest room doors are improperly mounted in violation of 216 and 806 of the Standards.

u. The security latch was improperly mounted in violation of section 308 of the Standards.

v. The bathroom door pulled open into the hallway diminishing access in violation of section 404 of the Standards.

w. The flush handle was improperly mounted on the wrong side of the toilet in violation 604.6 of the Standards.

x. The toilet paper dispenser was improperly mounted in violation of section 604.7 of the Standards.

y. The bathtub did not have a seat capable of secured placement in violation of section 610.2 of the Standards.

z. The shower spray fixture was improperly mounted in violation of section 308 of the Standards.

aa. The clothes hook on the back of the restroom door was improperly mounted, in violation of section 308 of the Standards.

bb. The hair dryer was improperly mounted in violation of section 308 of the Standards.

    cc.    The light switches in the room required tight grasping in violation of section 309.4 of the Standards.

    dd.    The knobs on the dresser and night stands were hard to pull without pinching and twisting of the wrists in violation of section 309.4 of the Standards.

    ee.    The iron and ironing board was improperly mounted in violation of section 308 of the Standards.

These conditions made it difficult for Plaintiff and other wheelchair users to utilize the guest room safely and comfortable.

**Restaurant**

    ff.    The restaurant had no accessible seating in violation of section 226 and 902 of the Standards. This condition made it difficult for Plaintiff to enjoy a meal safely and comfortably at the restaurant.

**Website**

    gg.    The Hotel website has 302e violations. Plaintiff was unable to effectively utilize their web site to make his reservation, in violation of section 302(e) of the Title III regulations.

**<u>Maintenance</u>**

    hh.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to

access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 .

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter The Crowne Plaza Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendants to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated:  December 20, 2019

Respectfully submitted,

*/s/  M. J. Stephen Fox*
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Drive SE
Ada, MI  49301
(616) 676-4300
foxlawfirm@aol.com
and
Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorneys for Plaintiff*